UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:13-CV-394 (CEJ) ) |
| STOKES CONTRACTOR SERVICES, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following an entry of default against defendant, Stokes Contractor Services, LLC. Defendant was served with a summons and a copy of the complaint on November 20, 2013, and has not filed an answer or otherwise appeared in this matter. On December 19, 2013, the Clerk of Court entered default against defendant.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are Laborers Local Unions 42-53-110 (the Union), four employee benefit plans (the Welfare, Pension, Vacation, and Training Trusts, collectively, the Funds), and their trustees. According to the complaint, defendant is party to a collective bargaining agreement with the Union, and has failed to contribute to the Funds and other entities and to furnish monthly reports from which the amount of contributions and dues owed to the Fund and the Union may be computed. The Agreement authorizes the Union and trustees to conduct an audit, absent which plaintiffs will be unable to determine the full amount owed to them.

Plaintiffs now move for an order to compel accounting from the period of April 19, 2011 to date.

Plaintiffs submit the affidavit of Kevin Schell, the Administrative Manager of the funds. Ms. Schell states that, on April 19, 2011, defendant executed an agreement to be bound by the 2009-2014 collective bargaining agreement with the Union. Pl. Ex. 1 [Doc. #13-1] and Pl. Ex. 2 [Doc #13-2]. The collective bargaining agreement requires Stokes Contractor Services to pay fringe benefit contributions, submit monthly reports showing hours worked by covered employees, and pay liquidated damages and interest on delinquent contributions. The agreement authorizes the Funds to audit the employer's records.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendant's books and records for the period from April 19, 2011 through present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **March 12, 2014** defendant, Stokes Contractor Services, LLC, shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other

documents reflecting or pertaining to all hours worked by and wages paid to employees of Stokes Contractor Services, LLC, for the period beginning April 19, 2011, through present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant, Stokes Contractor Services, LLC, at the following last-known address:

>Stokes Contractor Services, LLC
>1727 Elkins Drive
>St. Louis, MO 63136

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2014.