UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:13-CV-00394-CEJ |
| STOKES CONTRACTOR SERVICES, L.L.C., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant Stokes Contractor Services, L.L.C., (Stokes) pursuant to Fed. R. Civ. P. 55(b)(2).

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53, and 110 of the Laborers International Union of North America (the Union). Defendant Stokes is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement. Plaintiffs seek a total of $87.250.64 for unpaid contributions, liquidated damages, and interest. They also seek attorneys' fees, accounting fees, and costs, for a grand total of $92,485.46.

The summons and a copy of the complaint were served on defendant on October 25, 2013. Defendant did not file an answer or other responsive pleading and, on December 19, 2013, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On April 19, 2011, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement between the Associated General Contractors of St. Louis and the Union (the Agreement), effective retroactively from March 1, 2009 through February 28, 2014. [Doc. #13-1, #13-3]. The Agreement requires defendant to make contributions to the funds for each hour worked by employees covered by the Agreement. §§ 5.03 - 5.07; 5.08A. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, accounting costs, court costs, and attorney's fees. Id. §§ 5.10 - 5.11.

Plaintiffs submit the affidavit of John Massa, an auditor with the accounting firm of Wolfe-Nilges-Nahorski, and an exhibit showing the results of a payroll audit for the period of April 19, 2011, through May 31, 2014. This exhibit establishes that, for this period, Stokes owes $69,561.96 in unpaid contributions, $13,960.58 in liquidated damages, $3,728.10 in interest; and Stokes owes $1,792.00 for the audit fee.

Based on the documentation and affidavits submitted by the plaintiffs, the Court finds that defendant Stokes Contractor Services, L.L.C., was bound at all relevant

times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that Stokes is liable to them for $69,561.96 in unpaid contributions, $13,960.58 in liquidated damages, and $3,728.10 in interest, for a total of $87,250.64.

Plaintiffs also submit the affidavit of attorney Janine M. Martin. Ms. Martin attests that her firm's standard hourly billing rates are $180.00 for partners' services, $170.00 for associates' services, and $90.00 for paralegal services. In this case, a total of 16.3 hours was expended in connection with this matter, primarily by associates, for a total of $2,627.00 for legal services. The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $350.00 for the filing fee and $465.82 for service of process, for a total of $815.82.

Adding together the $87,250.64 with the $1,792.00 audit fee, the $2,627.00 in attorney's fees, and the $815.82 in costs, Stokes owes plaintiffs $92,485.46.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #23] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2014.